UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLUORDX LLC,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>QUIDEL CORPORATION,<br><br>　　　　　　　　　　　Defendant. | Case No.: 18-CV-2866 JLS (NLS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(ECF No. 14) |

Presently before the Court is Defendant Quidel Corporation's Motion to Dismiss ("MTD," ECF No. 14). Also before the Court are Plaintiff FluorDx LLC's Response in Opposition to ("Opp'n," ECF No. 15) and Defendant's Reply in Support of ("Reply," ECF No. 17) the Motion. After considering the Parties' arguments and the law, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

Plaintiff FluorDx, LLC is a California limited liability corporation located in Carlsbad, California. First Amended Complaint ("FAC") ¶ 3, ECF No. 13. Defendant Quidel Corporation is a Delaware corporation licensed to do business in California and headquartered in San Diego, California. *Id.* ¶ 4.

Plaintiff is the owner by assignment of U.S. Patent Number 9,274,056 B2 (the "'056 Patent"), issued on March 1, 2016. *Id.* ¶ 5. The '056 Patent describes an "assay method

for detecting the presence of an analyte in a sample using a test strip and then analyzing this strip in a reader that uses an LED light source as the UV excitation source." *Id.* ¶ 12.

Robert Hudak and Ian Buchanan are the named inventors of the '056 Patent. *Id.* ¶ 5. Plaintiff allegedly acquired ownership of the '056 patent by assignment from Mr. Hudak and Mr. Buchanan prior to the litigation. *See id.*

On December 20, 2018, Plaintiff filed suit, alleging that that Defendant infringed upon the '056 Patent by developing, manufacturing, distributing, or selling immunoassay test systems. FAC ¶ 14. On February 7, 2019, Defendant filed a motion to dismiss. *See generally* ECF No. 12. On February 13, 2019, Plaintiff filed the operative FAC. *See generally* FAC. Defendant then filed the current Motion under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Plaintiff lacked standing to bring its suit and failed to state a claim. *See generally* MTD.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and as such have an obligation to dismiss claims for which they lack subject-matter jurisdiction. *Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983). Because the issue of standing pertains to the subject-matter jurisdiction of a federal court, motions raising lack of standing are properly brought under Federal Rule of Civil Procedure 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). The "party seeking to invoke the court's jurisdiction" bears the burden of establishing jurisdiction. *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993); *see also Takhar v. Kessler*, 76 F.3d 995, 1000 (9th Cir. 1996) ("A plaintiff has the burden of establishing the elements required for standing.").

Rule 12(b)(1) motions may challenge jurisdiction facially or factually. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* When a defendant raises a factual challenge, as is the case here, "only uncontroverted allegations"

in the complaint "are accepted as true," while "[a]ll other facts underlying the controverted jurisdictional allegations are in dispute and are subject to fact-finding by the district court." *Cedars-Sinai*, 11 F.3d at 1583–84 (citations omitted). If the court determines that it does not have proper jurisdiction, the Court must dismiss the action. *Id.* at 1585.

## ANALYSIS

Defendant contends that "Plaintiff did not have standing to bring [its] patent infringement lawsuit when it filed the original complaint" because "Plaintiff did not own [the '056 Patent] at the time the original complaint was filed." MTD at 6. Plaintiff argues that its allegations in its FAC alone are sufficient to show standing. Opp'n at 7. Plaintiff also contends that if the Court looks beyond the pleadings, the evidence it brought forth to oppose Defendant's Motion shows that it "was the owner by assignment [of the '056 Patent] prior to filing" its original complaint. *Id.*

"In order to seek damages for infringement of a patent," Plaintiff must show it had "standing at the inception of the lawsuit." *Sky Techs. LLC v. SAP AG*, 576 F.3d 1374, 1379 (Fed. Cir. 2009) (citing *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1579 (Fed. Cir. 1991)). To show standing, Plaintiff "must demonstrate that it held enforceable title to the patent" when it filed suit. *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309–10 (Fed. Cir. 2003). "The Federal Patent Act requires that all assignments of patent interests be in writing." *Sky Techs.*, 576 F.3d at 1379; 35 U.S.C. § 261 ("[P]atents, or any interest therein, shall be assignable in law by an instrument in writing."). Thus, to support standing, Plaintiff has the burden to show the requisite ownership of the '056 Patent rights through a written instrument. *See Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010).

Plaintiff first contends that its allegations in the FAC are sufficient, without any supporting evidence, to meet its burden to show standing. Opp'n at 17. In the FAC, Plaintiff's only allegation concerning ownership states that "[t]he inventors of the '056 patent are Robert Hudack and Ian Buchanan, wh[o] both assigned all their rights in the '056 patent to [Plaintiff] prior to the initial filing of this lawsuit." FAC ¶ 5. Plaintiff

contends it "does not have the burden to plead the entire timeline and factual basis for the veracity of its allegation" and that it does not have to prove its allegations of ownership of the '056 Patent at the pleading stage. Opp'n at 17. Plaintiff also contends that only after discovery is complete would an attack on the underlying facts support standing be appropriate. *Id.* These contentions are wrong.

It is proper to bring a motion to dismiss under Rule 12(b)(1) attacking the factual basis of Plaintiff's jurisdictional allegations. *See Cedars-Sinai*, 11 F.3d at 1583–84. And because Defendant's Motion "denies or controverts [Plaintiff]'s allegations of jurisdiction[,] . . . the allegations of the complaint are not controlling . . . and only uncontroverted facts are accepted as true." *Id.* (citations omitted). Defendant disputes Plaintiff's allegations that the inventors executed signed, written assignments prior to the litigation and, thus, Plaintiff's "allegations alone" concerning the assignments "are insufficient to meet the [it]'s burden to establish jurisdiction." *See 3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1378 (Fed. Cir. 2012) (quoting *Cedars–Sinai*, 11 F.3d at 1584). The Court therefore "must satisfy itself that there is a factual basis for it to exercise jurisdiction, and in doing so it 'may review evidence extrinsic to the pleadings, including affidavits and deposition testimony.'" *Id.*; *see also Max Sound Corp. v. Google, Inc.*, 147 F. Supp. 3d 948, 952 (N.D. Cal. 2015) ("Since the facts underlying the controverted jurisdictional allegations are in dispute, the court is not restricted to the face of the pleadings.") (quotations omitted).

Next, Plaintiff contends that it has met its burden to show standing because the evidence demonstrates it "received written assignments by both inventors prior to filing the lawsuit." Opp'n at 19. Plaintiff explains, however, that it cannot produce the written assignments executed before it filed suit because those assignments were lost. *Id.* at 18. Instead, Plaintiff offers declarations by both Mr. Hudak and Mr. Buchanan that purport to explain the chain of events when they assigned their rights in the '056 Patent to Plaintiff before the litigation commenced. *See* Declaration of Robert Hudak ("Hudak Decl."), ECF No. 15-1; Declaration of Ian Buchanan ("Buchanan Decl."), ECF No. 15-2.

According to the declarations, the inventors completed written assignments, transferring their rights in the '056 Patent to Plaintiff, "around December 12, 2018" (together, the "Pre-Litigation Assignments). Hudak Decl. ¶ 3; Buchanan Decl. ¶ 3. After Mr. Buchanan completed his assignment, he delivered it to Mr. Hudak. Buchanan Decl. ¶ 3. "On or about December 21, 2018," a day after Plaintiff filed its complaint, Mr. Hudak "realized that [he] had lost both the [Pre-Litigation] [A]ssignments for [him]self and Ian Buchanan." Hudak Decl. ¶ 4. After Mr. Hudak notified Mr. Buchanan that he lost the assignments, Mr. Buchanan completed a new written assignment before a notary on December 24, 2018, and Mr. Hudak completed a new written assignment before a notary on January 11, 2019 (together, the "Post-Litigation Assignments"). Hudak Decl. ¶ 4; Buchanan Decl. ¶ 4. Mr. Hudak "then delivered these replacement assignments to counsel for recording with the U.S. Patent & Trademark Office." *Id.*

Plaintiff sent the Post-Litigation Assignments to the United States Patent and Trademark Office for recording on January 21, 2019. *See* Declaration of William G. Gaede, III ("Gaede Decl."), Ex. A, ECF No. 12-2. The cover sheet to the submission, signed by Plaintiff's counsel, indicates that the execution dates of Mr. Buchanan's and Mr. Hudak's assignments were December 24, 2018 and January 11, 2019, respectively. *Id.* Notably, the Post-Litigation Assignments do not refer to the lost, Pre-Litigation Assignments in any way. *See generally id.*

Based on the pleadings and the extrinsic evidence in the record, the Court finds that Plaintiff has failed to meet its burden to show it owned by assignment the rights to the '056 Patent before it filed suit. Plaintiff failed to produce the written agreements necessary to show it was assigned the rights to the '056 Patent before the original complaint was filed. *See Abraxis Bioscience*, 625 F.3d at 1366 ("[A]n appropriate written assignment is necessary to transfer legal title from one to the other."). Indeed, the only written agreements before the Court that transferred rights in the '056 Patent are the Post-Litigation Assignments executed after Plaintiff filed its complaint. Without the alleged Pre-Litigation Assignments, Plaintiff has not produced agreements "from which the Court may recognize

the existence of [assignments] granting . . . rights under the patent at the inception of the lawsuit." *Orbit Irr. Prod. v. Sunhills Int'l*, No. 1:10-CV-113 TS, 2015 WL 1393232, at *3 (D. Utah Mar. 25, 2015). Further, the declarations produced by Plaintiff stating that the Pre-Litigation Assignments were executed but subsequently lost, do not suffice to meet its burden. *See Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1250 (Fed. Cir. 2000) (holding that to support an assertion of standing, Plaintiff "must produce a written instrument documenting the transfer of proprietary rights in the patents").

Despite its inability to produce the Pre-Litigation Assignments, Plaintiff contends that the Post-Litigation Assignments suffice to show standing. Opp'n at 18. Plaintiff contends the Post-Litigation Assignments "were intended to memorialize again what had already occurred" and are therefore legally operative as to the date the Pre-Litigation Assignments were signed. *Id.* According to Plaintiff, "[t]he fact that the inventors were asked to re-execute assignments afterward does not change the fact that [Plaintiff] was the owner of the '056 patent at the time of filing this lawsuit." *Id.* at 19. These contentions are not supported by the evidence and have no legal merit.

The Post-Litigation Assignments are silent as to the Pre-Litigation Assignments and do not contain any language making the assignments retroactive. *See generally* Gaede Decl. And even if the Court were to read a term into the Post-Litigation Assignments that made them retroactive to before the litigation, such an assignment would be not be sufficient to confer standing. *See Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093–94 (Fed. Cir. 1998) (holding that retroactive assignments "are not sufficient to confer retroactive standing"); *see also Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 779 (Fed. Cir.), *amended on reh'g in part*, 104 F.3d 1296 (Fed. Cir. 1996) (holding plaintiff's *nunc pro tunc* assignment, executed after plaintiff commenced the litigation and discovered there was no written assignment memorializing the parties pre-litigation oral agreement, was not sufficient to confer standing on plaintiff retroactively).

///

///

"In sum, [Plaintiff] has not demonstrated that it had standing to enforce the ['056] patent at the time it initiated this action" and "[i]ts suit for infringement must therefore be dismissed." *Max Sound*, 147 F. Supp. 3d at 955.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 14) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's action. The Clerk of Court **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: September 23, 2019

Hon. Janis L. Sammartino
United States District Judge